UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STRIKE 3 HOLDINGS, LLC,**

    Plaintiff,

v().

**JOHN DOE, subscriber assigned IP address 96.58.130.152, an individual,**

    Defendant.

Case No: 8:24-cv-1266-MSS-TGW

### ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Leave to File Unredacted Versions of the First Amended Complaint, Proposed Summons, and Return of Service Under Seal. (Dkt. 14) Plaintiff avers that although Plaintiff has advised Defendant of this lawsuit and the relief Plaintiff requests in this Motion, Defendant has not indicated whether Defendant opposes the requested relief. (Id. at 3) Defendant has not yet appeared in the case. Upon consideration of all relevant filings, case law, and being otherwise fully advised, Plaintiff's Motion is **DENIED**, **except as stated herein**.

After initiating this copyright infringement case, Plaintiff obtained Defendant's identifying information by serving a third-party subpoena on Defendant's internet service provider. (Id. at 1–2) After receiving the subpoena response, Plaintiff conducted further investigation and was able to identify the subscriber and "true

infringer" as Defendant. (Id. at 2) Plaintiff now moves to file under seal the Amended Complaint, proposed summons, and return of service, which include Defendant's name, address, and other information that links Defendant to the alleged infringement. (Id.) In the Motion, Plaintiff seeks permission for Defendant to proceed anonymously in this action because the action involves allegations that Defendant has infringed on copyrighted works of pornography. (Id. at 2) Plaintiff maintains that a seal is necessary to avoid the public disclosure of Defendant's identity and any potential resulting embarrassment to Defendant. (Id. at 3)

The Court notes that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citation omitted). As a result, good cause is required to seal any portion of the court's record. Farnsworth v. Procter & Gamble, Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

Under Federal Rule of Civil Procedure 10(a), a complaint filed in federal court "must name all the parties[.]" The rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties. Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011). "Although this creates a 'strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute.'" Doe v. Neverson, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting Francis,

2

631 F.3d at 1315).[1] A plaintiff may proceed anonymously where "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992) (quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981)).[2] "It is the exceptional case in which a plaintiff may proceed under a fictitious name." Id. Whether a party will be permitted to proceed anonymously is within the court's discretion. Francis, 631 F.3d at 1315.

When determining whether a party's right to privacy outweighs the presumption of judicial openness, courts consider the totality of the circumstances. In re Chiquita Brands Int'l Inc., 965 F.3d 1238, 1247 n.5 (11th Cir. 2020). First, courts consider "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." Id. at 1247. Courts should also consider "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." Francis, 631 F.3d at 1316. Significantly, "fear of embarrassment, humiliation, and

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

retaliation is insufficient to outweigh the interest in proceeding publicly." Doe v. Gutteridge Jeancharles, M.D., P.A., No. 24-cv-34, 2024 WL 701277, at *3 (M.D. Fla. Feb. 20, 2024) (citations omitted).

Here, Plaintiff asserts that "allowing Defendant to proceed anonymously serves the parties' interests because the copyrighted works at issue in this lawsuit involve adult content." (Dkt. 14 at 2) Plaintiff's request does not describe how Defendant's privacy right outweighs the presumption of judicial openness. Plaintiff identifies no circumstances from which the Court could determine whether Defendant has a substantial privacy right, except that "the copyrighted works at issue in this lawsuit involve adult content." (Dkt. 14 at 2) Indeed, this case does not appear to involve any of the circumstances that have been identified as circumstances warranting permission to proceed anonymously. See Strike 3 Holdings, LLC v. Doe, 2023 WL 113564, at *2 (M.D. Fla. Jan. 5, 2023) (collecting cases). Without more, the Court cannot find that permitting Defendant to proceed anonymously is appropriate.

In support of its position, Plaintiff cites two cases in which district courts permitted a defendant sued for similar alleged behavior to proceed anonymously. Strike 3 Holdings, LLC v. Doe, No. 19-cv-508, 2019 WL 5722173 (M.D. Fla. Nov. 5, 2019); Malibu Media, LLC v. Doe, No. 14-cv-23142, 2014 WL 12605503 (S.D. Fla. Sept. 29, 2014). In these cases, however, there was a risk that the defendant had not been properly identified. Strike 3 Holdings, 2019 WL 5722173, at *1; Malibu Media, 2014 WL 12605503, at *1. In this case, Plaintiff represents Defendant is the "true infringer." (Dkt. 14 at 2)

Based on the foregoing, the Court finds that permitting this case to proceed without naming Defendant would be inappropriate at this juncture. However, the Court finds it appropriate to permit Defendant an opportunity to request to appear anonymously if Defendant chooses.

Accordingly, the Court hereby **ORDERS**:

1. Plaintiff's Motion for Leave to File Unredacted Versions of the First Amended Complaint, Proposed Summons, and Return of Service Under Seal, (Dkt. 14), is **DENIED, except as stated herein.**

2. Plaintiff may file the unredacted **return of service UNDER SEAL ONLY**. Plaintiff shall do so within five (5) days of the date of this Order. The Clerk is **DIRECTED** to accept the unredacted return of service under seal.

3. Plaintiff shall **NOT** file the unredacted First Amended Complaint or the proposed summons except as directed below.

4. Within fourteen (14) days of the date of Plaintiff's filing the sealed return of service, Defendant shall file a notice of appearance in this case. If Defendant believes the circumstances of this case warrant anonymity under the legal standards discussed herein, Defendant may file a motion to proceed anonymously within fourteen (14) days of the date of filing a notice of appearance.

5. If Defendant fails to appear within fourteen (14) days of the date of Plaintiff's filing the sealed return of service, Plaintiff shall file the unredacted First Amended Complaint and unredacted proposed summons on the fifteenth (15th) day. Likewise, if Defendant appears before the deadline to file a notice of appearance but fails to file a motion to proceed anonymously within fourteen (14) days of the date of appearance, Plaintiff shall file the unredacted First Amended Complaint and unredacted proposed summons on the fifteenth (15th) day.

6. Plaintiff is **DIRECTED** to provide Defendant a copy of this Order within five (5) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of December 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person